## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| **DARYN MALKOWSKI, by and through** | ) |
| **his next friend, CARY MALKOWSKI,** | ) **Civil Action No.** |
| Plaintiff | ) **Hon.** |
|  | ) |
| **-vs.-** | ) |
|  | ) |
|  | ) |
| **ROMULUS COMMUNITY SCHOOLS,** | ) |
| **BARTH ELEMENTARY SCHOOL,** | ) |
| **CHRISTOPHER LEWIS** | ) |
| **SMITH, in his individual** | ) |
| **Capacity, and DAVID THOMPSON** | ) |
| **in his individual capacity** | ) |
| Defendant | ) |

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

## PETITION FOR APPOINTMENT OF
### NEXT FRIEND TO THIS HONORABLE COURT

TO THE CLERK OF THIS HONORABLE COURT:

Your Petitioner, **CARY MALKOWSKI**, mother of DM, by and through Plaintiff's attorneys, MUSSIN & SCANLAND, PLLC, respectfully represents unto this Honorable Court:

1. That DM is under the age of eighteen (18) years, to-wit, 8 years old.

2. That heretofore, to-wit, on or about May 24, 2019, DM sustained injures as a result of the Defendants' negligence, for which Defendants are responsible for damages to DM.

3. That CARY MALKOWSKI has been advised by counsel that her son, DM, has a right of action and is entitled to maintain a suit thereon for damages against the Defendants herein.

4. That she is the mother of DM and that DM, being a minor under the age of eighteen (18) years, is incapable of petitioning this Court on his own behalf and for whom no general guardian has been appointed.

**WHEREFORE,** your Petitioner prays that she may be appointed as Next of Friend for DM for the purpose of appearing in said action as her Next Friend and becoming security for costs.

/s/ Cary Malkowski

**CARY MALKOWSKI**

STATE OF MICHIGAN )
                            ) SS
COUNTY OF WAYNE )

Cary Malkowski , being duly sworn, deposes and says that she has read the foregoing petition and knows the contents thereof and that the same is true of her own knowledge except as to those matters therein stated to be on information and belief and as to those matters, believe them to be true.

/s/ Cary Malkowski

**CARY MALKOWSKI**

Dated: May 21, 2021

Respectfully submitted,

**MUSSIN & SCANLAND, PLLC,**

BY: /s/ Jerard M. Scanland
        **JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Ste. 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DARYN MALKOWSKI, by and through**                )
**his next friend, CARY MALKOWSKI,**                ) **Civil Action No.**
                Plaintiff                ) **Hon.**
                                )
**-vs.-**                )
                                )
                                )
**ROMULUS COMMUNITY SCHOOLS,**                )
**BARTH ELEMENTARY SCHOOL,**                )
**CHRISTOPHER LEWIS**                )
**SMITH, in his individual**                )
**Capacity, and DAVID THOMPSON**                )
**in his individual capacity**                )
                Defendant                )

---

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**JERARD M. SCANLAND (P74992)**
Counsel for Plaintiffs
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

---

## ORDER FOR APPOINTMENT OF NEXT FRIEND

At a session of said court held in the City of Detroit, Wayne
County, State of Michigan on_____.
    Present Hon: _____
                    **District Court Judge**

On reading and filing of the Petition of CARY MALKOWSKI, mother of minor son, DM, by and through counsel Mussin & Scanland, PLLC, for her appointment as Next of Friend, in the suit of Cary Malkowski, as Next of Friend to Minor DM, against the Defendants' herein, the Court being fully appraised therein;

**IT IS HEREBY ORDERED** that Cary Malkowski, as mother of minor son, DM, be and is hereby appointed Next Friend of Minor son, DM, in and about their cause of action and the maintenance of their suit thereon against the Defendants herein.

Dated:

_____

**District Court Judge**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **DARYN MALKOWSKI, by and through his next friend, CARY MALKOWSKI,** Plaintiff | ) <br> ) **Civil Action No.** <br> ) **Hon.** <br> ) |
| -vs.- | ) <br> ) <br> ) |
| **ROMULUS COMMUNITY SCHOOLS, BARTH ELEMENTARY SCHOOL, CHRISTOPHER LEWIS SMITH, in his individual Capacity, and DAVID THOMPSON in his individual capacity** <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

## COMPLAINT AND JURY DEMAND

### COMES NOW THE, Plaintiff, DARYN MALKOWSKI

**Individually and as Next Friend of DM,** through his attorneys the law firm of

MUSSIN & SCANLAND, PLLC and by his respective attorney Jerard M.

Scanland, and in support of Plaintiff's Complaint And Jury Demand, states the following:

## INTRODUCTION

1.  This action arises from horrific events that occurred at Barth Elementary School in Romulus, Michigan, which came to light in May of 2019 following repetitive, systemic instances of child abuse by a teacher.

2. Following the harrowing revelations, the teacher who caused harm to DM attempted to try and explain away his horrific actions.

3. Because of Barth Elementary School's failure to reasonably hire, train, retain, and supervise the employees, DM was physically, emotionally, and verbally abused.

4. The Defendant Teacher, continually physically verbally and emotionally abused DM and no one spoke out.

## JURISDICTION AND VENUE

5. Plaintiffs incorporate herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

6. Jurisdiction in conferred by 28 U.S.C. 1331,as to Plaintiff's federal law claims.

7. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. 1367 and under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130 (1966).

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (b)(2) as all of the events giving rise to this action occurred in the Eastern District of Michigan.

9. Jurisdiction and venue are otherwise proper with this Court.

## PARTIES

10. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

11. The Plaintiff **DARYN MALKOWSKI** currently resides in the City of Romulus, County of Wayne.

12. The Defendant, Christopher Lewis Smith, resides in the City of Romulus and County of Wayne.

13. The Defendant, David Thompson, resides within the jurisdiction.

14. Defendant Barth Elementary School is a provider of public education under Michigan law, incorporated under the laws of Michigan, with the capacity to sue and be sued, and is a recipient of federal funding.

15. During all relevant times pertinent to this Complaint. Barth Elementary School hired one or more agents/employees and held these employees.

16. David Thompson is the principal at Barth Elementary School at all times relevant to this action.

17. David Thompson upon information and belief, is a resident of Romulus,

Michigan. He is sued in his individual capacity.

18. Christopher Lewis Smith was DM's teacher and is one of the individuals responsible for perpetrating the neglect and abuse upon DM.

19. At all relevant times hereto, those who harassed and abused DM were employed by, associated with, or otherwise under the authority and control of Barth Elementary School.

20. The Defendant Barth Elementary School was responsible for supervising its employees including Christopher Smith. Barth Elementary School breached its duty to report to Protective Services or law enforcement abuse at the school.

21. During all time pertinent to this Complaint, Defendants, Barth Elementary School, acted jointly and/or individually through authorized agents, affiliates, employees, officers, members, directors, subsidiaries, successors, assigns, principals, trustees, sureties, subrogees, representatives, shareholders, and/or insurers.

22. As to all claims alleged herein, the action by all Defendants was in bad faith, knowing, negligent, intentional, malicious, willful and wanton, and shocks the conscience.

23. As to all claims alleged herein, all Defendants conspired, acted jointly, and in concert with one another in the wrongdoing herein alleged.

24. All conduct by Barth Elementary School employees alleged herein occurred within the scope of their employment, was reasonably foreseeable to Barth Elementary School, and Barth Elementary School otherwise had constructive and actual knowledge of its employees' conduct.

## **COMMON FACTS**

25. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

26. DM is an eight (8) year old.

27. Upon information and belief, DM has been attending Romulus Community Schools since 2018. DM has been a student of Barth Elementary School since 2018.

28. On or about May 29, 2019, while DM was returning from a school sanctioned field trip, and while exiting the bus, Christopher Lewis Smith, struck DM hard enough to cause DM to fall striking his head on the window and metal frame of the bus.

29. As a result of the deplorable actions by Christopher Lewis Smith, DM suffered physical and emotional trauma.

## COUNT-I
## **NEGLIGENT TRAINING**
### **(Defendant Romulus Community Schools and Barth Elementary School)**

30. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

31. During all time pertinent to this Complaint, Defendant, Christopher Lewis Smith, was a Romulus Community Schools and Barth Elementary School employee, under the direction, supervision, and control of Romulus Community Schools and Barth Elementary School and acted at all times pursuant to authority conferred by Romulus Community Schools and Barth Elementary School.

32. Romulus Community Schools and Barth Elementary School hired Defendant Smith and authorized this individual to attend to DM, who posed a known and obvious risk of serious harm to DM.

33. By establishing, staffing, operating, and holding Barth Elementary School as a safe and beneficial learning environment for children, Romulus Community Schools and Barth Elementary School owed a duty to provide a reasonably safe environment for DM and to ensure their employees were properly trained relative to how to properly discipline a child.

34. Romulus Community Schools and Barth Elementary School owed these duties by holding out its staff was trained to properly provide a safe learning environment for children, causing Plaintiff and others to reasonably rely on these representations.

35. Despite Romulus Community Schools and Barth Elementary School's duties and affirmative representations, Romulus Community Schools and Barth

Elementary School failed to reasonably train an employee relative to discipline of a child, Defendant Lewis, who attended to DM and other children.

36. Romulus Community Schools and Barth Elementary School knew from its experience, and reported complaints by parents, that the failure to adequately train its employees caused instances of physical and emotional abuse and posed continuing threats of harm and ongoing abuse to DM and other children.

37. It was known and obvious to Romulus Community Schools and Barth Elementary School as well as reasonably foreseeable, that failing to adequately train employees would result in serious harm to DM and other children.

38. Romulus Community Schools and Barth Elementary School was on actual and constructive notice of the abuse occurring at Barth Elementary School through staff complaints, and parental complaints yet failed to take reasonable measures to stop the abuse.

39. Thus, Romulus Community Schools and Barth Elementary School not only had constructive knowledge of the abusive/violent acts and propensities displayed by a Barth Elementary School employee while acting within the scope of employment; Romulus Community Schools and Barth Elementary School had actual knowledge of these acts and abusive occurrences and propensities of employees, and despite the forewarning, failed to take reasonable measures to stop the abuse.

40. As a direct and proximate consequence of Romulus Community Schools and Barth Elementary School breach of the applicable duty of care, DM Plaintiff suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression, and future damages caused thereby, which will require new medication, non-traditional therapies.

## COUNT-II
## NEGLIGENT HIRING & RETENTION
### (Defendant Romulus Community Schools and Barth Elementary School)

41. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

42. By holding itself out as a safe and beneficial learning environment for children, Romulus Community Schools and Barth Elementary School owed one or more duties of care to DM and other children at Barth Elementary School including duties to use reasonable care when hiring and retaining its employees.

43. Romulus Community Schools and Barth Elementary School also owed duties to follow reasonable retention practices, to ensure that the children entrusted to its care would not suffer from known and obvious risks of foreseeable harm described herein.

44. Romulus Community Schools and Barth Elementary School breached its duty of care to DM by failing to use reasonable care when hiring employees who attended to DM including Defendant, Christopher Lewis.

45. Romulus Community Schools and Barth Elementary School knew or reasonably should have known that hiring and retaining unqualified employees posed a high risk of physical and emotional harm, due to the nature of its employees' interactions with DM and other children.

46. Romulus Community Schools and Barth Elementary School hired unqualified employees.

47. As a direct and proximate consequence of Romulus Community Schools and Barth Elementary School breach of the applicable duty of care, DM Plaintiff suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression.

**COUNT-III**
**NEGLIGENT SUPERVISION**
**(Defendant Romulus Community Schools and Barth Elementary School)**

48. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49. By holding itself out as a safe and beneficial learning environment for children, Romulus Community Schools and Barth Elementary School owed one or

more duties of care to DM and the other children at Barth Elementary School, including duties to reasonably supervise employees.

50. Romulus Community Schools and Barth Elementary School also owed duties to follow reasonable supervision policies to ensure that the children entrusted to its care, would not suffer known and obvious risks of foreseeable harm in the first instance, and to ensure that any such abuse would not occur.

51. Romulus Community Schools and Barth Elementary School breached these duties of care to DM by failing to reasonably supervise employees in the first instance, and thereafter when Romulus Community Schools and Barth Elementary School knew or reasonably should have known there was not only inadequate supervision of the Barth Elementary School employee, but also that physical and emotional abuse was occurring.

52. Romulus Community Schools and Barth Elementary School was on actual notice and constructive notice from staff complaints, and its own personnel records, and parental complaints. The known and obvious risks of harm manifested through instances of physical and emotional abuse.

53. The lack of adequate/reasonable supervision, coupled with inadequate training, made it foreseeable (and likely) that abuse would occur to DM and other children.

54. Despite actual and constructive knowledge of the inadequate supervision and abuse occurring at the Barth Elementary School, Romulus Community Schools and Barth Elementary School still failed to exercise reasonable care to supervise employees at Barth Elementary School.

55. As a direct and proximate consequence of Romulus Community Schools and Barth Elementary School breach of the applicable duty of care, DM Plaintiff suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression.

**COUNT-IV**
**NEGLIGENCE**
**(Defendants Romulus Community Schools and Barth Elementary School)**

56. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

57. Romulus Community Schools and Barth Elementary School had a duty to exercise ordinary care and prudence to keep its premises reasonably safe for DM and other children.

58. Romulus Community Schools and Barth Elementary School breached its duty to provide reasonably safe premises by permitting, through deliberate and knowing inaction and omission, and despite known and obvious risks of harm, DM

and other children to be abused by Romulus Community Schools and  Barth Elementary School employees over an extended period of time.

59. As a direct and proximate consequence of Romulus Community Schools and Barth Elementary School breach of the applicable duty of care, DM Plaintiff suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression.

**COUNT-V**
**INTENTIONAL INFLICTION OF EMOTION DISTRESS**
**(Defendant Christopher Lewis Smith)**

60. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

61. Defendant Christopher Lewis Smith, and others engaged in extreme and outrageous conduct by physically and emotionally abusing DM and other children.

62. The extreme and outrageous conduct by Defendant Christopher Lewis Smith, and others as herein alleged, was intentional, and caused the Plaintiff to suffer severe emotional distress.

63. As a direct and proximate consequence of this extreme and outrageous conduct, Plaintiff suffered severe emotional distress.

64. As a direct and proximate consequence of Romulus Community Schools and Barth Elementary School breach of the applicable duty of care, DM Plaintiff

suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression.

**COUNT-VI**
**NEGLIGENT INFLICTION OF EMOTION DISTRESS**
**(Defendant Christopher Lewis Smith)**

65. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

66. Defendant Christopher Lewis Smith and others, engaged in extreme and outrageous conduct by physically and emotionally abusing DM and other children.

67. The extreme and outrageous conduct by Defendant Christopher Lewis Smith and others as herein alleged, was intentional, and caused the Plaintiff to suffer severe emotional distress.

68. As a direct and proximate consequence of this extreme and outrageous conduct, Plaintiff suffered severe emotional distress.

69. As a direct and proximate consequence of Romulus Community Schools and Barth Elementary School breach of the applicable duty of care, DM Plaintiff suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression.

## COUNT-VII
## ASSAULT AND BATTERY
### (Direct liability of Defendant Christopher Lewis Smith)

70. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

71. Defendant Christopher Lewis Smith assaulted and battered DM at Barth Elementary School on numerous occasions.

72. Defendant Christopher Lewis Smith intended harmful contact with DM in a reasonable apprehension of imminent contact/harm, based on his present ability to accomplish the imminent, harmful contact.

73. Defendant Christopher Lewis Smith committed willful and harmful contact with DM as a result of his intent to commit such contact.

74. As a direct and proximate consequence of Romulus Community Schools and Barth Elementary School breach of the applicable duty of care, DM and the parent Plaintiff suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression.

75. Defendant Christopher Lewis Smith was acting within the scope of her employment and Romulus Community Schools and Barth Elementary School had actual and/or constructive notice of this abuse over a prolonged period of time and failed to prevent the abuse.

76. Romulus Community Schools and Barth Elementary School is therefore liable for all resultant damages based on respondeat superior liability.

77. As a direct and proximate consequence of Romulus Community Schools and Barth Elementary School breach of the applicable duty of care, DM Plaintiff suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression.

## COUNT-VIII
## VICARIOUS/RESPONDEAT SUPERIOR LIABILITY

78. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

79. As already alleged, the risk of serious physical and emotional harm to DM absent Romulus Community Schools and Barth Elementary School's reasonable performance of its independent duties to reasonably hire, train, retain, and supervise employees was not only reasonably foreseeable by Romulus Community Schools and Barth Elementary School, but also known and obvious to Romulus Community Schools and Barth Elementary School and generally known.

80. In addition to the known and obvious risk of harm, Romulus Community Schools and Barth Elementary School was on actual and constructive notice of the manifestation of this foreseeable harm through the ongoing abuse of DM and other non-verbal autistic children.

81. Romulus Community Schools and Barth Elementary School was on actual and constructive notice of the abuse of DM from staff complaints and parental complaints.

82. Defendant Christopher Lewis Smith and others were at all relevant time employed by Romulus Community Schools and Barth Elementary School and acted under both the specific authority granted by Romulus Community Schools and Barth Elementary School and under the direct supervision, employ, and control of Romulus Community Schools and Barth Elementary School when committing the abuse described herein. All such conduct occurred while acting within the course and scope of employment with Romulus Community Schools and Barth Elementary School for Romulus Community Schools and Barth Elementary School benefit, and pursuant to actual and apparent authority created by virtue of employment with Romulus Community Schools and Barth Elementary School.

83. Defendant and others were acting at least in part to serve the interests of Romulus Community Schools and Barth Elementary School when each committed the abuse against DM and others described herein.

84. Defendant Christopher Lewis Smith and others acted as Romulus Community Schools and Barth Elementary School agents/employees, and used their trust, power, control, and authority conferred by their position with Romulus

Community Schools and Barth Elementary School which enabled the abusive encounters with DM.

85. Simultaneously, Defendant Christopher Lewis Smith and others used this trust, power, control, and authority to gain Plaintiffs' confidence and trust, and then used that confidence and trust to abuse DM during and within the scope of his employment with Romulus Community Schools and Barth Elementary School.

86. As a direct a proximate cause, Plaintiff suffered the injuries and damages as herein alleged.

87. As a direct and proximate consequence of Romulus Community Schools and Barth Elementary School breach of the applicable duty of care, DM Plaintiff suffered damages including, but not limited to, physical and emotional harm, physical pain and suffering, fear, emotional distress, behavioral regression, including behavioral and educational regression.

**COUNT-IX**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**<u>RIGHT TO PERSONAL SECURITY AND BODILY INTEGRITY</u>**

88. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

89. The Fourth Amendment applies to public school officials and encompasses the right to be free from unreasonable bodily restraint and unreasonable seizure.

90. The Fourteenth Amendment encompasses the right to personal security and bodily integrity and applies to public school officials.

91. The Fourteenth Amendment encompasses the right to personal security and bodily integrity and applies to public school officials.

92. Slapping a child on a bus, without provocation, hard enough to cause the minor child to strike his head on the window and metal frame, is a clear violation of one's Fourteenth Amendment right to personal security and bodily integrity.

93. Slapping a child on a bus, without provocation, hard enough to cause the minor child to strike his head on the window and metal frame, constituted deliberate indifference to her federally protected rights.

94. DM suffered an injury as a result of these Fourteenth Amendment violations.

95. Defendant's acts and/or omissions proximately caused the injuries.

## COUNT-X
## EXCESSIVE FORCE IN
## VIOLATION OF THE FOURTEENTH AMENDMENT

96. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

97. The substantive component of the Due Process Clause of the Fourteenth Amendment is violated by the use of excessive force that shocks the conscience.

98. Prior to electing to use the force described above and otherwise in Plaintiff's complaint, Defendant and/or the other Defendants had a reasonable opportunity to deliberate various alternatives.

99. Accordingly, the use of force by Defendant is deemed conscience-shocking if it was undertaken with deliberate indifference to DM's federally protected rights.

100. When determining whether the use of force is conscience shocking within the circumstances presented by this case, courts consider the absence of a pedagogical purpose, the victim's developmental disability, whether the victim is defenseless and his vulnerability to abuse, and the arbitrary nature of the force as factors to whether the conscience is shocked are factors considered when determining the force used is conscience shocking.

101. DM as a very young child, is defenseless.

102. DM suffered injuries as a result of these uses of force.

103. Defendants' actions and/or omissions proximately caused DM's injuries.

## COUNT-XI
## VIOLATION OF DM'S RIGHT TO EQUAL PROTECTION UNDER THE LAW AS GUARANTEED BY THE <u>FOURTEENTH AMENDMENT</u>

105. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

106. The Defendants' conduct toward DM, including but not limited to offensively touching him was a direct violation of DM's right to equal protection under the law guaranteed by the 14th Amendment.

107. In addition, Defendants ignored the reports of abuse and neglect of DM.

108. Defendants' actions and/or omissions denied DM equal protection under the law as DM suffered injuries as a result of his disparate treatment.

109. Defendants' actions and/or omissions proximately caused his injuries.

## COUNT-XII
### Violation of Constitutional Rights, 42 U.S.C. § 1983; Plaintiff vs. All Named Defendant's

110.  Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

111. Defendant Smith violated the minor child, DM's rights under the 4th Amendment to the United States Constitution by his actions including, but not limited to, utilizing unjustified, unreasonable, and excessive force against him.

112. The Defendants, Romulus Community Schools and Barth Elementary School violated DM's rights under the 4th Amendment by their

deliberate indifference to the risk that Defendant Smith would inflict excessive force on his students, including DM.

113. The Plaintiff's Mother spoke with the principal and advised the principal regarding the use of excessive force on DM. Upon information and belief, the Defendants were aware of Defendant Christopher Smiths inappropriate behavior prior to the assault on DM.

114. Defendant Christopher Smiths actions, or lack thereof, subjected DM to severe and brutal physical abuse that occurred over a period of months.

115. As a proximate result of the violations alleged hereinabove, Plaintiff has suffered damages as heretofore alleged.

## COUNT-XIII
## MONELL CLAIM AGAINST ROMULUS COMMUNITY SCHOOLS AND BARTH ELEMENTARY SCHOOL

116. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

117. Plaintiff has been subjected to a deprivation of clearly established constitutionally protected rights and privileges secured by the Constitution of United States, including:

a.    His Fourteenth Amendment rights as described above; and

b.    His Fourth Amendment rights as described in above.

118. The foregoing rights were clearly established at the time of the

violations.

119. The deprivations were caused by the customs, policies, and established practices of the Romulus Community School District, acting under color of its statutory and legal authority, including without limitation:

    a.  Failing to train Romulus Community School and Barth Elementary School faculty and staff to recognize, prevent and/or report instances of abuse and neglect;

    b.  Condoning abuse and neglect staff and students without impunity and without consequence;

    c.  A policy or practice of failing to investigate complaints of suspected abuse and neglect made by families of individuals such as DM.

120. Defendant Christopher Lewis Smith and David Thompson, were all state actors acting under the color of law.

121. Romulus Community School and Barth Elementary School deliberate indifference to DM'S constitutional rights subjected him to violations of his Fourth and Fourteenth Amendment rights by failing to investigate Defendant Smith's misconduct; failing to adequately train and supervise Defendants; expressly and implicitly condoning the unconstitutional behavior of Defendant; and manifesting deliberate indifference to the ongoing abuse and neglect of Plaintiff.

122. The foregoing violations of 42 U.S.C. Section 1983 caused substantial damages to Plaintiff as alleged herein, including without limitation, severe and permanent psychological damages, physical harm, and emotional distress.

123. Plaintiff's federal constitutional claims are cognizable under 42 U.S,C. 51983.

## COUNT-XIV
### Violation Of Mandatory Duty As To All Defendants

124. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

125. Plaintiff DM is a member of a protected class of children as defined by Michigan Child Protection Law as all children under the age of 18. *See* MCL 722.622(e)

126. Plaintiff DM is entitled to be protected from child abuse, which includes harm or threatened harm to a child's health or welfare by a teacher, a teacher's aide and any other person responsible for the child's health or welfare that occurs though negligent treatment or placing a child at an unreasonable risk to their health or welfare or failing to intervene when a person should have knowledge of the risk.

127. Plaintiff DM and other students have been subjected to abuse at the hands of Defendant Smith for many months which includes incidents of physical

assaults, injury, maltreatment, inappropriate touching, verbal and psychological abuse.

128. Teachers, instructional aides, classified personnel, and administrative officers of Barth Elementary School are mandatory reporters as defined by the Michigan Child Protection Law, 1975 PA 238, MCL § 722.621. As such, school officials were under a mandatory duty to immediately verbally notify the Department of Human Services whenever, in their professional capacity or within the scope of their employment, they suspect or have actual knowledge of child abuse or neglect. The initial verbal notification must be followed by a written report to DHS within 72 hours. The reporter is also under a duty to report to the head of his/her organization, however, that does not absolve the mandatory reporter from notifying DHS as described above.

129. Teachers, instructional aides, classified personnel and/or administrative officers of Barth Elementary School and Romulus Community Schools were aware for months as a result of multiple reports from teachers and aides that children in Defendant Smith classroom were victims of child abuse. However, none of these mandatory reporters employed by the District ever complied with their duty to report the abuse to DHS as required by the Child Protection Act.

130. Romulus Community School's and Barth Elementary School officials concealed Defendant Smith's history of abuse by intentionally destroying

complaints and investigation materials.

131. Governmental immunity does not apply to the claims asserted against Defendants under the Child Protection Act because under the specific facts and circumstances known to Defendants prior to DM 's injuries, Defendants' failure to report was intentional malicious and so reckless as to demonstrate a substantial lack of concern and indifference as to whether injury to DM would result.

132. Under these circumstances Barth Elementary School and Romulus Community School officials and administrators could not have believed that they were acting reasonably and within the scope of their authority as Barth Elementary school and Romulus Community Schools are required to report incidents of non-accidental physical or mental injury.

133. Barth Elementary School and Romulus Community School employees who have the responsibility to report the abuse and have failed to make reports of abuse as required by the Child Protection Law, and Defendant Barth Elementary School and Romulus Community Schools are vicariously liable for such failures of their employees to report as required by law.

134. As a proximate result of Defendants' actions, Plaintiff has incurred damages as alleged heretofore.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court

enter judgment against Defendants for the following:

      (a). Compensatory economic damages and non-economic damages allowable by law for harm caused as alleged herein, including, without limitation, pain and suffering, emotional distress, anxiety, trauma, stress, costs of future healthcare for among other things, DM educational and behavioral regression of the skills necessary for him to overcome the severity of his disabling condition or to function independently, and aversion to therapy;

      (b). Exemplary damages allowable by law;

      (c). Punitive damages allowable by law;

      (d).  Costs and Attorneys' Fees allowable by law;

      (e). Declaratory and injunctive relief declaring Romulus Community Schools and Barth Elementary School responsible for providing all necessary medical and health care for DM for the duration of his life;

(f). Such other and further relief as this Honorable

Court may deem just and proper, including post-

judgment interest.

Dated: May 21, 2021                  Respectfully Submitted,

                                    MUSSIN & SCANLAND, PLLC

                                    By: /s/JERARD M. SCANLAND_____
                                        **JERARD M. SCANLAND (P74992)**
                                    Attorney for Plaintiff
                                    13351 Reeck Court, Suite 5
                                    Southgate, Michigan 48195
                                    Phone: (734)-282-6037
                                    Fax: (734)-447-5853
                                    JScanland@milawoffices.com

## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **DARYN MALKOWSKI, by and through** | ) |
| **his next friend, CARY MALKOWSKI,** | ) **Civil Action No.** |
| Plaintiff | ) **Hon.** |
| | ) |
| -vs.- | ) |
| | ) |
| | ) |
| **ROMULUS COMMUNITY SCHOOLS,** | ) |
| **BARTH ELEMENTARY SCHOOL,** | ) |
| **CHRISTOPHER LEWIS** | ) |
| **SMITH, in his individual** | ) |
| **Capacity, and DAVID THOMPSON** | ) |
| **in his individual capacity** | ) |
| Defendant | ) |

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

## <u>JURY DEMAND</u>

**COMES NOW THE** PLAINTIFF, **DARYN MALKOWSKI, by and through his next friend, CARY MALKOWSKI,** and hereby makes this a demand

for a trial by jury.

Dated: May 21, 2021                    Respectfully submitted,

                                       **MUSSIN & SCANLAND, PLLC,**

                                       BY: /s/ Jerard M. Scanland_____
                                           **JERARD M. SCANLAND (P74992)**
                                        Attorneys for Plaintiff
                                        13351 Reeck Court, Ste. 5
                                        Southgate, Michigan 48195
                                        Phone: (734)-282-6037
                                        Fax: (734)-447-5853
                                        JScanland@milawoffices.com